# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

GS HOLISTIC, LLC,

                Plaintiff,

v.

BLACKHAWKS CHIEF TOBACCO & VAPE CORPORATION d/b/a BLACK HAWKS TOBACCO VAPE and HASSAN ELZOFRI,

                Defendants.

Case No. 23-CV-903-JPS

**DEFAULT JUDGMENT**

**Decision by Court**. This action came on for consideration before the Court and a decision has been rendered.

      **IT IS ORDERED AND ADJUDGED** that Plaintiff GS Holistic, LLC's motions for default judgment (ECF Nos. 12, 21) be and the same are hereby **GRANTED** (ECF No. 24);

      **IT IS FURTHER ORDERED AND ADJUDGED** that judgment be entered in favor of Plaintiff GS Holistic, LLC and against Defendants Blackhawks Chief Tobacco & Vape Corporation d/b/a Black Hawks Tobacco Vape and Hassan Elzofri, jointly and severally in the amount of $76,203.60 ($75,000 in statutory damages and $1,203.60 in costs) (ECF No. 24);

      **IT IS FURTHER ORDERED AND ADJUDGED** that Defendants Blackhawks Chief Tobacco & Vape Corporation d/b/a Black Hawks Tobacco Vape and Hassan Elzofri shall, at their own cost, deliver to Plaintiff GS Holistic, LLC for destruction all products, accessories, labels, signs, prints, packages, wrappers, receptacles, advertisements, and other material

in their possession, custody or control bearing any of the Stündenglass Marks (ECF No. 24);

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff GS Holistic, LLC is entitled to permanent injunctive relief (ECF Nos. 24, 25), in accordance with which, Defendants Blackhawks Chief Tobacco & Vape Corporation d/b/a Black Hawks Tobacco Vape and Hassan Elzofri, and their agents, employees, officers, directors, owners, representatives, successor companies, related companies, and all persons acting in concern or participation with them, be and the same are hereby permanently **ENJOINED** from infringing upon the Stündenglass Marks directly or contributorily, in any manner, including but not limited to:

(a) Import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, storage, shipment, licensing, development, display, delivery, marketing, advertising or promotion of the counterfeit Stündenglass product identified in the complaint and any other unauthorized Stündenglass product, counterfeit, copy or colorful imitation thereof;

(b) Assisting, aiding or attempting to assist or aid any other person or entity in performing any of the prohibited activities referred to in Paragraph (a) above; and

**IT IS FURTHER ORDERED AND ADJUDGED** that this case be and the same is hereby **TERMINATED** (ECF No. 24).

APPROVED:

J. P. Stadtmueller
U.S. District Judge

GINA M. COLLETTI
Clerk of Court

August 7, 2024          s/ *Jodi L. Malek*
Date                    By: Deputy Clerk